IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM A. ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:07-cv-01028 |
| ) | |
| NOVARTIS ANIMAL HEALTH US, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## AGREED PROTECTIVE ORDER

As evidenced by the signatures below of their respective counsel, the parties hereby agree as follows:

1. In connection with discovery furnished in this case by any of the parties (or any of their present and former directors, officers, employees, and agents) in the above-captioned action (the "Action"), any party may designate any document as "Confidential" under this Agreed Protective Order (the "Order") if that party and its counsel in good faith believe that the designated restriction is appropriate because the document contains or reflects competitively sensitive information, proprietary information, confidential business information, trade secrets, confidential personal or private information, or other non-public information.

2. Any documents to be designated as "Confidential" may be so designated by stamping or affixing the documents with the legend "Confidential" prior to their production or, in the case of physical objects, computer disks, or other tangible things, on the thing itself or on the container in which it is produced. Stamping or affixing such a legend on the cover of any multi-page document or the cover of a computer disk shall so designate all pages of such document or documents contained therein, unless otherwise indicated by the designating party.

Any party may designate any or all portions of any deposition transcript as "Confidential" by written notice to the opposing party identifying the pages or lines that are to be afforded "Confidential" treatment. Alternatively, a party may designate all or any part of a deposition as "Confidential" by stating on the record during the deposition that all or part of the deposition should be so treated. The term "document" as used throughout this Order includes any deposition transcript.

   3.  The production by any party of any "Confidential" documents during this Action without a "Confidential" designation shall be without prejudice to any claim that such material should be treated as "Confidential", and such party shall not be held to have waived any rights by such production or disclosure. In the event that such production occurs, counsel for the producing party may designate the documents as "Confidential."

   4.  In the event that any party objects to the designation of any documents as "Confidential," that party may serve written notice on all parties specifying which documents are improperly designated. During the fourteen (14) day period following service of such a notice, the parties shall confer in an effort to resolve the objections. If the dispute is not resolved, the objecting party may thereafter file an appropriate motion to resolve whether the documents should be treated as "Confidential." The specified documents shall continue to be treated as "Confidential" pending resolution of the dispute by the Court.

   5.  Documents designated as "Confidential" (and any information contained therein or derived therefrom) may be disclosed or made available by the receiving party only to the following:

     (a)  The Court (including the Court's administrative and clerical staff), provided that they are filed under seal.

     (b)  Attorneys of record and in-house attorneys in the Action, as well as the lawyers, paralegals, clerical and secretarial staff

employed by and working for such attorneys on this case.

(c) The parties, as well as those officers, directors, in-house attorneys, or employees of the parties who are actively involved in the Action or who are otherwise necessary to aid counsel in the Action.

(d) Court reporters transcribing depositions in the Action.

(e) Any deposition, trial, or hearing witness in the Action who previously has had access to the specific documents or who has otherwise acted as an agent, employee, consultant, or advisor to the party that produced the documents, materials, or information.

(f) Any expert witness or consultant, which shall be defined to mean a person who has been retained by one of the parties in good faith to serve as an expert witness or consultant (whether or not retained to testify at trial) in connection with this Action, including any person working directly under the supervision of any such expert witness or consultant, provided that prior to the disclosure of documents designated as "Confidential" to any expert witness or consultant, the party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on the form attached hereto as Exhibit A.

(g) Any other persons to whom the parties all agree in writing and who executes the form attached hereto as Exhibit A.

6. Documents designated as "Confidential" and information contained therein or derived therefrom, shall not be disclosed to any person except in accordance with this Order and shall be used by the persons receiving them only for the purposes of preparing for, conducting, and/or participating in the conduct of this Action, and not for any business, personal, or other purpose whatsoever.

7. Within sixty (60) days after the later of (i) final judgment or settlement of the Action and (ii) after the time for any and all appeals has expired, the parties and their counsel shall return to counsel for the producing party or third-party all documents produced in this

Action and all copies thereof. Alternatively, the parties and their counsel may agree in writing on appropriate alternative methods for the destruction of such documents. Within the same sixty (60) day period, counsel shall supply to the producing party copies of each statement in the form attached hereto as Exhibit A that were signed pursuant to paragraph 6 of this Order. Outside counsel of record for the receiving party may retain only one archival copy of: deposition exhibits; exhibits used in proceedings before the Court; documents included in submissions to the Court; and "Confidential" information to the extent it is included in such papers or reflected in that outside counsel's work product.

8. Any documents produced by a non-party witness in discovery in the Action pursuant to subpoena or otherwise may be designated by such non-party or party as "Confidential" under the terms of this Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies as if made by one of the parties hereto.

9. Documents subject to a claim of attorney-client privilege or work product immunity that are inadvertently or mistakenly produced shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. Upon notice to the receiving party that such information has been inadvertently or mistakenly produced and is subject to a claim of immunity or privilege, the information for which a claim of inadvertent or mistaken production is made shall be returned promptly upon request, all copies of that document that may have been made shall be destroyed, and the receiving party shall provide the producing party with written certification of such destruction. The party returning such information may thereafter move the Court for an Order compelling production of such information.

10. This Order may be amended or modified only by the Court.

IT IS SO ORDERED.

_____
JUDGE

APPROVED FOR ENTRY:


/s/ Stephen H. Price
Stephen H. Price

STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Telephone: (615) 782-2243
Facsimile: (615) 742-7226
Email: stephen.price@stites.com

Attorneys for Defendant
Novartis Animal Health US, Inc.


/s/ James L. Harris
James L. Harris
2400 Crestmoor Road
Nashville, TN 37215
(615) 386-7143

Attorney for Plaintiff
William A. Roberts

# EXHIBIT A

1.  I, _____, residing at _____ have read the foregoing Agreed Protective Order in the action captioned *William A. Roberts v. Novartis Animal Health US, Inc.*, No**.** 3:07-cv-01028 (the "Action").  I agree to be bound by its terms with respect to any documents designated as "Confidential" that are furnished to me as set forth in the Agreed Protective Order.  I further agree to return documents to the producing party or third party according to the terms of Paragraph 7 of that Agreed Protective Order.

2.  I hereby consent to the jurisdiction of the Court in which the Action is pending with respect to any proceedings to enforce the terms of the Agreed Protective Order against me.

3.  I hereby agree that any documents designated as "Confidential" that are furnished to me will be used by me only for the purposes of the Action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own, nor will the information contained therein be imparted by me to any other person.

_____       _____
            Signature                             Date